Tona Trollinger, Law Offices of Tona Trollinger, Dallas, TX, Deven Desai, Office of the Attorney General for the State of Texas, Austin, TX, for Defendant–Appellee.

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM: *

Duke Elliott appeals a FED.R.CIV.P. 12(b)(6) and summary judgment dismissal of his 42 U.S.C. § 1983 complaint. We affirm.

The district court did not err in dismissing Elliott's retaliation and Eighth Amendment harassment claims pursuant to rule 12(b)(6). The chronology of events alleged in the complaint do not allow for the drawing of a plausible inference of retaliation. *See Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir.1999). Similarly, the allegations fall short of identifying behavior on the part of Warden Morgan of the type necessary to state an Eighth Amendment harassment claim. *See Hudson v. Palmer*, 468 U.S. 517, 530, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984).

Further, the district court did not err in its summary judgment qualified immunity determination that Elliott had not established the violation of a clearly established constitutional right insofar as he alleged that the routine, cross-gender body cavity searches violated his Fourth Amendment right to privacy; no such right is clearly established under either controlling authority or a consensus of the persuasive authority. *See McClendon v. City of Co-*

lumbia, 305 F.3d 314, 323, 329 (5th Cir. 2002) (en banc). We therefore do not reach Elliott's argument that the district court erred when it held, in the alternative, that, as a matter of law, he was not entitled to the requested relief. Given that Elliott received adequate notice of the constitutional issue dispositive of his Fourth Amendment claim and responded thereto, we find no error in the decision to award summary judgment to the unserved defendants. *See NL Indus., Inc. v. GHR Energy Corp.*, 940 F.2d 957, 965 (5th Cir.1991).

AFFIRMED.

**Jamal Abu SAMAK, Plaintiff–Appellant,**

v.

**Aaron P. BUDA; Melynda W. Cook, Kevin M. Schad; Schad Buda Cook, LLC., Defendants–Appellees.**

No. 03–41546.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Oct. 26, 2004.

Jamal Abu Samak, # 21826–034, Federal Correctional Institution Beaumont—Medium, Beaumont, TX, pro se.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Kevin Michael Schad, Schad & Cook, Indian Springs, OH, for Defendants–Appellees.

Before DAVIS, SMITH and DENNIS, Circuit Judges.

PER CURIAM: *

In this appeal, Samak challenges the district court's dismissal of his suit against his former attorneys for lack of personal jurisdiction. After reviewing the record, we are satisfied that the district court committed no error in concluding that defendants had insufficient contacts with the State of Texas to support personal jurisdiction.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.